**H. K. PORTER COMPANY, INC., and Disston, Inc., Plaintiffs-Appellants,**

v.

**The BLACK & DECKER MANUFACTURING CO., Defendant-Appellee.**

**H. K. PORTER, INC., and Disston, Inc., Plaintiffs-Appellants, Cross-Appellees,**

v.

**SUNBEAM CORPORATION, Defendant-Appellee, Cross-Appellant.**

**Nos. 74–1865–74–1867.**

United States Court of Appeals, Seventh Circuit.

Argued March 31, 1975.

Decided July 11, 1975.

Don K. Harness, Birmingham, Mich., William A. Van Santen, William J. Stellman, Chicago, Ill., Leonard Bloom, Towson, Md., for Black & Decker.

John D. Nies, Arlington, Va., Victor P. Kayser, Chicago, Ill., for Porter Co.

Walther E. Wyss, George R. Clark, Chicago, Ill., for Sunbeam.

Before FAIRCHILD, Chief Judge, CUMMINGS and SPRECHER, Circuit Judges.

PER CURIAM.

In 1971, H. K. Porter, Inc. filed separate patent infringement actions against the Black & Decker Manufacturing Co. and Sunbeam Corporation, alleging that they had violated a mechanical patent and a design patent on a cordless electric grass shear.[1] Both cases were consolidated for trial.

The two patents involved below are U. S. Design Patent No. DES 219,950, which issued on February 23, 1971, and U. S. Patent No. 3,623,223 (hereinafter '223), which issued on November 30, 1971, both covering the cordless electric grass shear. This battery-powered shear is suitable to trim areas of grass that are not reachable by a lawn mower.

After a bench trial, the district court found claims 9 through 12 of the '223 patent invalid and not infringed. The single claim of the Design Patent was also held invalid and not infringed. The district judge's thorough memorandum of decision is reported in 182 U.S.P.Q. 401 (N.D.Ill.1974). The appeal against Black & Decker relates to claims 9, 10 and 12 of the '223 patent, but the appeal against Sunbeam concerns only claim 12. Plaintiffs have not appealed against either defendant with respect to the holding that claim 11 of the '223 patent was invalid and not infringed. The Design Patent is also uninvolved in the appeals.

■ The district court held that the claims of the '223 patent now at issue were invalid for obviousness under 35 U.S.C. § 103. We agree with this conclusion and adopt the district court's opinion *pro tanto* as our own. Because of our disposition on the basis of obviousness, it is unnecessary to consider defendants' other arguments against the enforceability of the patent or whether defendants infringed any of the claims in issue.

■ Unlike Black & Decker, Sunbeam cross-appeals, urging that attorneys' fees should have been awarded to it pursuant to 35 U.S.C. § 285. However, such attorneys' fees are only awarded in our Circuit in exceptional

1. During the pendency of the lawsuits, H. K. Porter spun off its Disston Division, which became Disston, Inc. H. K. Porter later disposed of its interest in Disston, Inc. Because Disston has title to the two patents in suit, it was joined as an additional plaintiff.

cases "to prevent gross injustice and where fraud and wrongdoing are clearly proved." *Technograph Printed Circuits, Ltd. v. Methode Electronics, Inc.*, 484 F.2d 905, 909 (7th Cir. 1973).[2] As in *Crane Company v. Aeroquip Corp.*, 504 F.2d 1086, 1093 (7th Cir. 1974), we are satisfied that the district court did not abuse its discretion in this matter. Costs in this Court will be taxed against plaintiffs.

Judgment affirmed.

**2.** Quoting from *Sarkes Tarzian, Inc. v. Philco Corp.*, 351 F.2d 557, 560 (7th Cir. 1965).